PRATT v. McINTOSH.

*Gaming—horse racing—receiving money back—stakeholder.*

The gaming act of 1824, makes void all contracts, touching any thing won at a horse race, amongst other things.

The same law authorized any persons losing by playing or betting at any game, to recover back by action of debt. The right to bring replevin to recover back a horse lost in a bet or a horse race, and delivered, is not secured by the act.

The act of 1831, gives the same right to recover losses at a horse race as at a game.

Without the statute authorizing the recovery back, the parties violating a penal law, who had paid their losses, were particeps criminis, and could not recover back.

REPLEVIN for a bay mare. Plea, property in the defendant, and issue.

It appeared in evidence, that the mare in question had been placed in the hands of a stakeholder, with another horse, and a note for twenty dollars, as a bet upon a horse race, to be delivered to the winner, upon the decision of judges, chosen by the parties. The race was run, judges chosen, who adjudged the defendant to have

[Piatt v. McIntosh.]

won, and the mare was delivered accordingly.    The plaintiff's horse bolted from the course, and he contended the race was not fairly won, and told the stakeholder not to deliver, or not to deliver till the judges decided.    The transaction took place while the gaming act of 1824 was in force.

*Willey* and *Newton*, for the defendant, insisted that the contract was void as against law; and that the stakeholder had been notified not to deliver; *Com. on Con.* 125;  22 *O. L.* 182;  and 29 *O. L.* 129, 442.

*Congor* and *G. Tod*, for the plaintiff, contended, that the only question was one of law, under the act of 1824, and with the plaintiff.

THE COURT, to the jury.    The act of 1824, makes void all contracts, when the whole, or any part of the consideration, was for money, or other valuable thing, won at a horse race; 22 *O. L.* 192. The same act authorized persons losing money, or other valuable thing, by playing at any game, or by betting on the hand or side of those that do play, to recover the loss back by action of *debt.*    The act of 1831, (29 *O. L.* 442) extends this last provision to embrace money or property lost by playing or betting at any game, or by means of *any bet or wager*.

Under the act of 1824, the right to recover back by suit property lost on a horse race, was not provided for; it only declared void the contract.    If this contract was open, and either party sued upon it, it would not be enforced; but if the parties have executed it, they are particeps criminis, and the court will not aid either of them. If, therefore, you are of opinion the mare was delivered to the defendant by virtue of the plaintiff's direction, the defendant is entitled to your verdict; but, if the contract was rescinded, and the plaintiff countermanded and gave the defendant notice, the plaintiff is entitled to a verdict.

Verdict for defendant $99 20.

The plaintiff moved for a new trial, because the verdict is against evidence, and cited 12 *John. R.* 1.    Motion overruled.